**Opinion filed April 23, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00215-CR
_____

## ERNEST VILLA MARQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR42478**

## M E M O R A N D U M   O P I N I O N

After an open plea of guilty, the trial court found Ernest Villa Marquez guilty of burglary of a building, found the enhancement paragraphs to be "true," and sentenced Appellant to confinement for ten years and no fine. Appellant argues, in his sole issue, that the trial court erred when it did not declare a mistrial after the State's prosecutor, during closing argument, referred to Appellant's prior criminal history of burglaries and twice referred to Appellant as someone who continued to "rob." We affirm.

## I. *Evidence at Trial*

Because Appellant does not advance a sufficiency challenge, we recite only the facts necessary to review his appeal. The grand jury indicted Appellant for burglary of a building and alleged he had intentionally and knowingly entered a building without the owner's consent and had attempted to commit and committed theft in the building, a "7–Eleven" convenience store.[1] Appellant waived his right to a jury trial and freely and voluntarily pleaded guilty to the indictment, and the trial court found him guilty of the offense of burglary of a building. Appellant also pleaded "true" to two enhancement paragraphs[2] that alleged he had committed two felony offenses of burglary of a building.[3] After hearing evidence from the State and Appellant, the trial court found two enhancement paragraphs to be "true" and later sentenced Appellant to confinement for a period of ten years.

## II. *Analysis*

Appellant argues, in his sole issue, that the trial court erred when it did not declare a mistrial after the State's prosecutor, during closing argument, referred to him as someone who continued to "rob"; Appellant claims this was harmful closing argument.

The prosecutor emphasized Appellant's lengthy criminal history that included nine convictions for burglary and other convictions for unauthorized use of a motor vehicle, theft, and other offenses. The record reflected that Appellant had prior convictions for burglary but no convictions for robbery. The prosecutor outlined this lengthy criminal history to argue for a longer sentence than Appellant had received for previous convictions. The prosecutor sought the maximum

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2011).

[2]*See id.* § 12.425(b) (West Supp. 2014).

[3]During Appellant's sentencing hearing, the State also adduced evidence of multiple convictions by Appellant for DWI and other offenses, but these convictions were not the basis for the enhancement paragraphs.

sentence available: confinement for twenty years.[4]  During his closing arguments before the court, the prosecutor made two references to "rob" in close succession, but immediately after the second instance, he recognized his error and corrected himself.  He stated that "rob" was "the wrong term" and that he meant to say "burglar[iz]ing their businesses."

During this part of the closing argument, defense counsel did not object.  To preserve error, Appellant must object or the error is waived. TEX. R. APP. P. 33.1(a); *see Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004).  Courts have applied this rule to bench trials.  *Dorsey v. State*, No. 01-13-01022-CR, 2014 WL 6602517, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication); *Parker v. State*, No. 02-11-00032-CR, 2011 WL 5984539, at *2–3 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated for publication) (failure to object to prosecutor's closing arguments, during bench trial, forfeited any potential error for appellate review).

But even if defense counsel had objected, and we assumed error, it would be reviewed under TEX. R. APP. P. 44.2(b) and disregarded unless Appellant's substantial rights were affected.  *See Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000).  Given that Appellant pleaded guilty to burglary, that he admitted having been previously convicted of burglaries, and that he had a lengthy criminal history, which included no robbery convictions, any error in the prosecutor's closing argument did not affect Appellant's substantial rights and had no impact on the trial court.  *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (citing *Orona v. State*, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990)).

---

[4]The punishment range for a state jail felony with two prior felony enhancements is not more than twenty years of imprisonment but not less than two years of imprisonment.  *See* PENAL §§ 12.33, 12.425(b).

In reviewing the entire record and the prosecutor's entire closing argument, we hold the two isolated references did not cause Appellant harm. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.